**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**MEDFORD DIVISION**

**ALEXANDER MAS,**

            Plaintiff,

      v.

**THE SOUND LOUNGE, LLC,**

            Defendant.

Case No. 1:20-cv-02176-CL

**FINDINGS AND
RECOMMENDATION**

CLARKE, Magistrate Judge.

      Plaintiff Alexander Mas ("Plaintiff") brings claims under the Americans with Disabilities Act ("ADA") and ORS 659A.142 and ORS 695A.143 against The Sound Lounge, LLC ("Sound Lounge") for alleged discrimination. This case comes before the Court on defendant's motion for summary judgment and motion to strike. For the reasons set forth below, the Court recommends

that defendant's Motion for Summary Judgment (Dkt. #18) be DENIED, and the Motion to Strike (#26) be GRANTED.

## BACKGROUND

Plaintiff was involved in a motorcycle accident in 2014 that severely injured his right arm and resulted in subsequent diagnosis of post-traumatic stress disorder and anxiety. Due to his physical and emotional disabilities, Plaintiff alleges that he lacks self-confidence and routinely self isolates. Plaintiff has a service dog named "Rose," who has been by his side since his hospital stay following the motorcycle accident. Rose is registered with the National Service Animal registry and is trained to assist Plaintiff with both his physical and mental limitations. Rose is trained to press her body against Plaintiff when his anxiety spikes or he becomes panicked. She is also trained to help Plaintiff pull and guide a shopping cart, which is difficult for Plaintiff to accomplish using only his left hand. Rose wears a service animal vest and accompanies Plaintiff in public at all times on a leash that is also marked with the words "service animal."

Plaintiff allegedly visited Sound Lounge on two occasions, both with his service dog. On the first occasion, Plaintiff alleges that he sat at the bar with Rose at his feet and was served a cider without incident. On the second occasion, January 22, 2020, Plaintiff alleges that he was discriminated against on the basis of his disability. According to Plaintiff, when he arrived at Sound Lounge between 7:00 and 8:00 pm, there was a Caucasian male standing behind the bar and appeared to be serving customers. Immediately upon Plaintiff entering Sound Lounge with his service dog, the man behind the bar shouted "No dogs allowed! You need to leave." Plaintiff told the man that Rose was his service animal, but the man again shouted that dogs were not allowed. Plaintiff continued inside to a seat at the bar with Rose at his feet.

Once seated, Plaintiff again told the man behind the bar that Rose was his service animal. The man behind the bar told Plaintiff again that pets were not allowed and that he needed to leave. Plaintiff refused and the man told Plaintiff that he had to leave his dog outside. Plaintiff replied that he was not going to leave his service dog outside and explained that it was illegal to deny his service animal access to the establishment. The man behind the bar refused to serve Plaintiff. Plaintiff requested that the man call the police, but the man did not do so. Instead, Plaintiff alleges that he saw the man talk to another male, who may have been a customer. This possible customer then approached Plaintiff and put his arm around Plaintiff and said something like, "Hey buddy, I wish I could take my dog out drinking too but I can't, don't make problems." Plaintiff allegedly felt threatened and extremely embarrassed and left Sound Lounge no more than a few minutes after he arrived. Plaintiff allegedly began to suffer a panic attack once outside. Shortly after his visit to Sound Lounge, Plaintiff posted a review on a social media that read, "If you have a service animal DO NOT visit this bar. They do not train there [sic] employees about the ADA, and what the law is pertaining to service animals."

## LEGAL STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. *Playboy Enters., Inc. v. Welles*, 279 F.3d

796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to

the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Id.* at

250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion

for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the

opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts

which show there is a genuine issue for trial. *Devereaux*, 263 F.3d at 1076. In assessing whether

a party has met its burden, the court views the evidence in the light most favorable to the non-

moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995).

## DISCUSSION

**I.      Defendant's Motion for Summary Judgment should be denied.**

Defendant moves for summary judgment on the grounds that Plaintiff cannot establish

the required elements under Title II of the ADA and ORS 659A.143. In order to prevail on his

discrimination claim, Plaintiff must show that

> (1) He is a qualified individual with a disability;

> (2) Sound Lounge owns or operates a place of public accommodation;

> (3) Sound Lounge employed a discriminatory policy or practice; and

> (4) Sound lounge discriminated against Plaintiff based on Plaintiff's disability by failing
>
>       to make reasonable modification necessary to accommodate Plaintiff's disability.

*See Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004). Pursuant to 42

U.S.C. § 12182, "[n]o individual shall be discriminated against on the basis of disability in the

full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

accommodations of any place of public accommodation by any person who owns, leases (or

leases to), or operates a place of public accommodation."

Sound Lounge argues that Plaintiff cannot prove elements three and four of his claim

because Plaintiff's description of the employee that discriminated against him does not match

any employee working for Sound Lounge and his description of the inside of the bar does not

perfectly match the description of the inside of the Sound Lounge. Specifically, Plaintiff

described a Caucasian male, 5'8 or 5'9, 130 to 150 pounds, with no facial hair and short black

hair, approximately 35 to 50 years of age. Mas Depo. at 30-31, Snyder Decl. (#30-8).  Whereas

Mr. Welch, the Caucasian male working behind the bar at Sound Lounge on the night of January

22, 2020, is actually 6'1, 200 pounds, has facial hair, brown hair, and is 51 years old.  Plaintiff

described the bar as being straight and having a cash register on it when the bar is actually

curved and does not have a cash register on it. *See Id.* at 27.  Sound Lounge is adamant that

Plaintiff's description of the bartender and the bar itself should be taken as undisputed material

facts, and that because these facts do not perfectly match the actual description of Mr. Welch and

Sound Lounge, then this Court should hold as a matter of law that Plaintiff cannot prove his

discrimination claim.  This argument fails because all Sound Lounge has done is point out that

this case involves disputed facts.

The parties' respective positions demonstrate a dispute of material facts, not a dispute of

law.  Plaintiff is not required to have a perfect recollection of what the bar and bartender looked

like in order to prove that he was discriminated against on the basis of his disability.  Sound

Lounge has presented no cases in which a court granted summary judgment on a discrimination

claim for the reason that the plaintiff's description of the person in question was inaccurate.

Moreover, Sound Lounge does not dispute that a Caucasian male was working behind the bar at

Sound Lounge on the night of January 22, 2020. Excerpts from Mr. Welch's deposition indicate

that he recalls a man with a dog coming into Sound Lounge on January 22, 2020, and that he was

standing behind the bar when the man came inside. Snyder Decl., Ex. 9, Welch Depo. at 24.

Mr. Welch also confirmed Plaintiff's recollection that the lighting in the area between the

entrance and where Mr. Welch was standing behind the bar was "dim, with multicolored lights

as background, coming from all directions within the bar, from neon lights, from television, from

lighting gestures above the stage." *Id.* at 39. The details of what Mr. Welch looked like to

Plaintiff and what the inside of the bar looked like to Plaintiff on the night of January 22, 2020,

compared to what Mr. Welch and the inside of Sound Lounge actually looked like weigh towards

the credibility of Plaintiff's statements. It is not for this Court to decide on summary judgment

whether Plaintiff's story or Defendant's story is more credible. Therefore, Defendant's motion

for summary judgment should be denied.

## II.   Defendant's Motion to Strike should be granted.

Sound Lounge moves under Fed. R. Civ. P. 30 to strike portions of Plaintiff's deposition

correction sheet. The disputed corrections all relate to how Plaintiff described the male behind

the bar at Sound Lounge and what the male said to Plaintiff on the night of the incident. Sound

Lounge argues that the correction sheet fails under the sham affidavit doctrine, fails to offer valid

reason for correction, and includes contradictory changes. Plaintiff has withdrawn the

corrections to pages 30:7-9 and 31:2. This leaves the following corrections:

- Page 30, Line 25, which reads ". . . anywhere between 30 and 50." Plaintiff corrected this
  to ". . . anywhere between 30 and 51."

- Page 31, Line 15, which reads ". . . he was telling me as I walked in it wasn't there."
  Plaintiff corrected this to ". . . he was telling me as I walked in "No dogs allowed!"

Rule 30(e) permits a deponent to review his testimony and "make changes in form or substance." Fed. R. Civ. P. 30. To determine whether Rule 30(e) corrections are prohibited, courts may consider circumstances including the number of corrections, whether the corrections fundamentally change the prior testimony, the impact of the corrections on the case, the timing of the submission of corrections, and the witness's qualifications to testify. *See Adidas Am., Inc. v. Sketchers USA, Inc.*, No. 3:15-cv-01741-HZ 2017 U.S. Dist. LEXIS 14393, *5 (D. Or. Jan. 30, 2017).

The Ninth Circuit recognizes a "sham rule" whereby a party may move to strike corrections if they constitute an attempt to manufacture an issue of material fact to avoid summary judgment. *See Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1224-25 (9th Cir. 2005). The Court does not find Plaintiff's correction sheet to be a sham because there is no evidence that Plaintiff was trying to manufacture an issue of fact. As discussed above, this case involves disputed material facts regardless of the corrections.

Plaintiff's stated reason for the transcript changes at issue is "court reporter error." Plaintiff asserts that there were times when the court reporter did not correctly record his answers because the deposition was conducted via Zoom.[1] Citing court reporter error due to poor connection on a zoom deposition is a valid reason for why corrections may have been necessary.

However, the Court agrees that the changes at issue are contradictory. "Rule 30(e) is to be used for corrective, and not contradictory, changes." *Hambleton*, 397 F.3d at 1226. The Court finds it highly unlikely that the court reporter misunderstood Plaintiff's speech to the degree that he or she missed entire phrases without asking Plaintiff to repeat himself. While these

---

[1] In the future, the parties should consider using the record feature in Zoom when taking depositions.

corrections are unlikely to have an impact on the outcome of this case, the Court nonetheless finds them contradictory. Therefore, defendant's motion to strike should be granted.

## RECOMMENDATION

For the reasons above, the Motion for Summary Judgment (Dkt. #18) should be DENIED, and the Motion to Strike (Dkt. #26) should be GRANTED. This case should be set for trial with a district judge.

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is entered. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this ___ day of October, 2021.

MARK D. CLARKE
United States Magistrate Judge